**Kelvin Shelby MALONE, Petitioner–Appellant,**

v.

**Daniel VASQUEZ, Warden, San Quentin State Prison; Jeremiah W. (Jay) Nixon, Attorney General, State of Missouri, Respondents–Appellees.**

**No. 99–1085.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1999.

Filed Jan. 13, 1999.

Before RICHARD S. ARNOLD, HEANEY, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

Kelvin Malone's initial application for federal habeas relief in Missouri was denied by the district court on January 17, 1996, and that denial was affirmed by this court. *Malone v. Vasquez,* 138 F.3d 711 (8th Cir.1998), *reh'g and reh'g en banc denied,* (May 11, 1998) and *cert. denied,* ––– U.S. –––, 119 S.Ct. 384, 142 L.Ed.2d 317 (1998). On January 8, 1999, Malone filed Petitioner's Motion to Reopen and Emergency Motion for Stay of Execution in the district court.[1] It was denied on the same day. Petitioner filed a

---

1. The Hon. Stephen Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

1. Since Malone styled his motion as one to reopen his prior habeas case, he used the caption of that case in his filing even though he is now in the custody of Michael Bowersox, Superintendent of the Potosi Correctional Center.

motion for reconsideration, which the district court denied on January 11, and he filed this appeal on January 12. The state of Missouri has filed suggestions in opposition to the petitioner's motion.

Since we believe that the motion to reopen filed in the district court by petitioner on January 8 is a successive petition, we dismiss it and deny the request for stay of execution in order to file a successive petition. 28 U.S.C. § 2244(b)(1). We see no grounds on which a motion for leave to file a successive application could be granted.

RICHARD S. ARNOLD, Circuit Judge, concurring.

I join Judge Murphy's opinion and add a few words of my own. In my view, Malone is not entitled to a stay for the following reasons:

1. When Malone's habeas petition was first filed here, the District Court rejected his attack on the California conviction and death penalty for two reasons: it was procedurally barred, and it was without merit. On appeal, our panel held the point procedurally barred. We did not reject the claim on ripeness grounds. Malone now argues we were wrong. Maybe so; but the prior adjudication stands, and therefore Malone's current motion is the equivalent of an attempt to file a successive petition. Both this Court and the United States District Court for the Eastern District of Missouri must necessarily have thought the Missouri state courts would have entertained on its merits an attack by Malone on his California conviction and sentence.

2. Malone is not actually innocent of the murder and does not claim to be. Nor is any new Supreme Court case cited that might satisfy the successive-petition statute.

3. A United States District Court in California has held Malone's California death penalty invalid, but upheld the conviction. The case is on appeal tonight. Even if the California conviction itself is set aside on appeal, and even if this were somehow a new development that would avoid the successive-petition problem, I do not see how Malone can get relief. Missouri is not a weighing state. The pecuniary-gain aggravating circumstance has never been challenged, not

before the Missouri Supreme Court, and not now.

4. Malone's best argument, as I see it, is that his jury in Missouri was told he had already been sentenced to death in California. That information could have caused the jury to relax, so to speak, and to believe it could return a death sentence without worrying about it too much. We now know that the California death penalty was invalid. This argument, though, is foreclosed by Supreme Court precedent. *Romano v. Oklahoma*, 512 U.S. 1, 13–14, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994).

For these reasons, I believe that the law compels us to deny this stay.

HEANEY, Circuit Judge, dissenting.

I have previously written that the conviction and sentence of Kelvin Malone, a 20–year–old black male with a tenth grade education, should be set aside because the all-white jury that convicted and sentenced him was impaneled in violation of *Batson v.. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The State peremptorily challenged all four blacks on the 34–person venire from which the jury was selected and failed to give an appropriate reason for striking three of them. Moreover, Malone was denied effective assistance of counsel during the penalty phase of his trial. *See Malone v. Vasquez*, 138 F.3d 711, 721–722 (8th Cir. 1998) (Heaney, J., dissenting). Malone's lawyers did nothing to investigate or develop mitigating evidence in preparation for trial. His conversations with Malone were so limited that he did not even know Malone had two children. He did not request a psychological evaluation of his client, nor did he review the extensive psychological profile developed on his client for a California proceeding. He made no preparation for the penalty phase other than to contact an academic and a religious expert, who testified that the death penalty was not an effective deterrent. Nothing has happened since that decision to change my mind as to the constitutionality of his sentence and conviction.

We now have two new questions to answer. First, whether the fact his death sentence has been aside by a California federal court is a valid reason to set aside his death sentence in Missouri, which is to be enforced

at 12:01 a.m., January 13, 1999. I believe that we are required to do so because the prosecution in the Missouri case introduced evidence of Malone's California death sentence as a valid aggravating factor justifying the imposition of the death penalty in Missouri. *See State v. Malone,* 694 S.W.2d 723 (Mo.1985). Despite the intimation by the State of Missouri that the Missouri Supreme Court considered each of the four aggravating circumstances, the fact is that the Missouri Supreme Court upheld the death sentence solely because of the evidence of a substantial history of assaultive conduct, the assaultive conduct being the conviction for the California murders and the imposition of a sentence of death in California. *See id.* at 727–78.

The second question is whether a stay of execution should be granted because Malone has never received a final adjudication on the merits of his federal habeas corpus claims that his California conviction should also be reversed. Malone has appealed the California federal district court's decision upholding the constitutionality of that conviction. That appeal is currently pending in the Ninth Circuit Court of Appeals and is an alternative reason for granting the stay of execution. *See Lonchar v. Thomas,* 517 U.S. 314, 319–21, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996). The State states that any suggestion by Malone that he could not have returned to Missouri and litigated his claims in the Missouri Supreme Court before December 30, 1998 is simply ridiculous. This is not so. Malone desired to have the California proceeding completed before he faced the death penalty in Missouri for the simple reason that if he were able to have the California conviction or death sentence set aside, there would be a basis for challenging his death sentence in Missouri.

I do not believe that Malone's motion is successive and therefore barred under 28 U.S.C. § 2244(b). The United States Supreme Court stated in *Stewart v. Martinez–Villareal,* 523 U.S. 637, 118 S.Ct. 1618, 1621, 140 L.Ed.2d 849 (1998), that a claim cannot be determined until it is ripe. Here the second of Malone's claims was not ripe for decision by this court when the matter was first before us and is not ripe to this day. It is easy to say that Malone should have raised the claim that Laughlin perjured himself in the San Bernardino proceeding, but surely the Missouri courts would not have accepted Malone's claims that Laughlin perjured himself. They simply would have said this was an issue to be raised in the California courts. Malone did raise the issue in the California court, and the issue has now been decided partially in his favor, and he is in the process of appealing the guilt phase to the Ninth Circuit. There is simply no authority for the proposition that Malone's claim is procedurally defaulted because he could have preserved it in the Missouri state court but failed to do so. The time for litigation has not passed; the time for litigation is now.

The State argues in the alternative that if Malone's claim is not successive, then it is new and abusive and thus does not warrant a stay of execution or further review of Malone's Missouri sentence because it does not satisfy the requirement for granting relief under 28 U.S.C. § 2244(b)(2). The factual predicate for the claim was not as the State insists, that Charles Laughlin perjured himself, but rather that the California federal court determined yesterday that Charles Laughlin committed perjury and therefore reversed Malone's sentence.

Finally, the State argues that:

1. Malone cannot show actual prejudice because the aggravating circumstance is still valid. This argument has already been answered.

2. The evidence the jury heard was not materially inaccurate. This argument, too, misses the point. The Missouri jury that sentenced Malone to death believed that he had also been sentenced to death in California, and this is not the case.

3. But for the evidence that Malone was sentenced to death in California, the jury would not have sentenced him to death in the case. This is a conclusory statement that has no basis in the record.

For all of the reasons stated above, I would stay Malone's execution until further order of the court.